**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael Edward VIGIL, Defendant-Appellant.**

**No. 71–1876.**

United States Court of Appeals, Ninth Circuit.

Sept. 29, 1971.

George F. Senner, Jr., of Cavness, DeRose, Senner & Rood, Phoenix, Ariz., for defendant-appellant.

Richard K. Burke, U. S. Atty., Thomas N. Crowe, Asst U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before HAMLEY, BROWNING, and CARTER, Circuit Judges.

PER CURIAM:

Appellant was charged with violation of 21 U.S.C. § 176a, smuggling marihuana. He consented to proceedings under 18 U.S.C. §§ 5031–5037, and was adjudged to be a delinquent and committed to the custody of the Attorney General during his minority.

On appeal appellant challenges the search which disclosed the marihuana. He further argues that the evidence

presented below was insufficient to support the conviction. We affirm.

On October 19, 1970, Agent Tidball of the United States Boarder Patrol was patroling the Morelos Dam area along the Colorado River near Yuma, Arizona. Substantial amounts of marihuana are smuggled into the United States from Mexico through this area.

Agent Tidball testified that he noticed a car parked near the river and four men standing by it. Upon investigation he discovered that three of the men were illegal aliens; appellant was the fourth. The aliens were taken into custody. Agent Tidball questioned appellant, then asked him to open the trunk of the car. As the trunk lock released, appellant started running toward the river, approximately 50 yards away. Agent Tidball caught him and brought him back to the car. It was then that Agent Tidball noticed six bundles of marihuana in the trunk. Customs agents were summoned and appellant was taken to a Boarder Patrol facility in Yuma.

Appellant's argument that the search was unlawful is without merit. As a general rule, the search of an automobile must be based upon probable cause, although a warrant is not required if the vehicle might be moved from the jurisdiction while judicial authorization is being sought. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 221, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968); Carroll v. United States, 267 U.S. 132, 153–154, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

However, there is an exception to the probable cause requirement of the Fourth Amendment applicable to "border searches." Carroll v. United States, *supra,* 267 U.S. at 153–154, 45 S.Ct. 280. The facts of the present case fall in that category. The power to conduct border searches without probable cause "stems from the illegal entry of goods or persons." United States v. Markham, 440 F.2d 1119, 1123 (9th Cir. 1971). The car searched need not have recently crossed the border if it is "reasonably certain" that it contains goods or persons which *have* just crossed the border illegally. United States v. Weil, 432 F. 2d 1320, 1323 (9th Cir. 1970). The circumstances disclosed by the evidence, including the proximity of the border, the history of smuggling activity in the area, and the presence of three illegally entered aliens by the car, were sufficient to make that inference "reasonably certain" in this case. The search was therefore lawful.

We also conclude that the evidence was sufficient to sustain the judgment.

Affirmed.